### Joseph J. Champion v. State of Ohio.

1. Competency of Testimony for the Purpose of Proving Criminal Intent.

   C. was indicted in the court of common pleas for cutting timber on the land of another without leave or license from the owner of said land. Prior to the finding of said indictment, C. had been arrested for cutting timber at another and previous time on the same land, and had been brought before the probate court for trial on said former charge, whereupon, in consideration of the costs being paid, he agreed with the owner of said land to cut no more timber thereon and to relinquish all claims thereto.

   *Held:* At the trial in the court of common pleas on said indictment, it was not error for the prosecutor to state to the jury that he expected to prove the agreement made by C. with the owner of said timber, whereby the charge against C. in the probate court was dismissed, and it was competent to put such agreement in evidence before the jury, not only for the purpose of showing that C. had no claim to such timber, but to show his intent in going upon said land to cut said timber.

2. Statements by the Prosecuting Attorney, in Argument.

   In the trial of a criminal case, it is not error or misconduct, for the prosecuting attorney to state to the jury that the indictment against the defendant was returned by as good a grand jury as ever sat in the county and that the foreman of said grand jury was a good citizen, especially when the prosecutor is attacked by the opposing counsel and charged with carrying on the prosecution for personal reasons.

Haynes, J. (orally).

A petition in error was filed in this court to reverse the judgment of the court of common pleas, but to that petition in error there was no transcript of the record attached. The prosecutor made a motion to dismiss the action, and we were disposed to grant that motion and made an order to that effect; but afterwards the parties came in and desired leave to attach a transcript of the record to that petition in error. To that the prosecutor said, that so far as he was concerned, if the party would have the right to file a new petition in error, he would rather that the court would permit the record to be attached to the present petition in error. Without deciding that question for him, he finally concluded that the better way would be to allow the matter to be attached to the record, providing that the court should follow the suggestion already made, that it would not pass upon that question until it had passed upon the question of whether there was error in the record. Thereupon counsel argued the questions as to whether there was error in the original record of the case.

The record shows that Champion was indicted for cutting timber upon the property of a party in Adams township in this county, without leave or license, and with the intent to injure the owner of the property. The case came up for trial finally in that court, and among the errors assigned is one alleging misconduct of counsel for the state, in reference to certain matters which had occurred before the probate court sometime before, on an occasion when the same party had been arrested and brought before that court for cutting timber upon this land, and it was that he stated, in opening the case to the jury, in substance, that he proposed to prove to the jury that at that time the plaintiff in error here —Champion—had agreed in case the prosecution before the probate court was settled and the costs paid, not to go upon the land again to cut timber, and he proposed to show that fact for the purpose of showing the intent of the party in subsequently going upon the land. Subsequently, upon the trial of the case, the state proposed to prove this very matter, and that was objected to and the court permitted the evidence to go to the jury, upon the ground as it was said of showing the intent of the party in going upon the land. The record shows that a sale had been made of the timber upon this land by Brady, the owner, to Champion,

for a certain sum of money; but he was to take the timber off by the 1st of May, next ensuing after the date of the contract. It appears that upon the expiration of that time he did not cease his work, but continued to cut timber and thereupon Brady went to him and demanded that he desist. The matter ran along a little, and finally, Champion not ceasing, he was arrested and was taken to the probate court, and the prosecutor offered to prove upon the trial in the common pleas court the above statement and agreements. The court allowed that proof to be given, and we do not think the court erred in that regard. The testimony shows that the parties were having some controversy about the rights of Champion under his contract. He stated that there had been an extension of his time under the contract for a year, but that was stoutly denied by Brady. But the matter was a subject of contention between them, at least they made it so, and finally when the matter came up in the probate court, he surrendered all the rights that he had under that contract and agreed not to attempt to exercise any further rights under it, and we are of opinion that this was competent to go to the jury in the case to show that he had no rights there and show his intent in going upon the premises, and that being true, there was no error in his statement made by counsel to the jury in the opening of the case, that he expected to prove these facts, or in the court of common pleas in receiving the evidence. The record discloses that at some time during the argument of the case counsel for the state had said the indictment had been returned by as good a grand jury as ever sat in the county, and, pointing to the name of the foreman on the back of the indictment, said that he was a good citizen, etc., and it was contended that that was error. We are unable to see any error in that, especially under the circumstances of the case as they appear in the record. The record discloses that the defendant's attorney had been attacking the prosecution pretty sharply, criticising him sharply, declaring that the prosecution was being carried on by the prosecutor for personal reasons, and in reply to that the prosecutor answered that he had nothing to do with the finding of the jury, that he only drew the indictment, and that the indictment was returned by the grand jury, and a good grand jury, and that the indictment was indorsed by the foreman, L. C. Gibbs. We think there is no error in that.

There was no other error pointed out in the case supposed to be sufficient to reverse the case. The testimony is quite voluminous, but we have looked through it and we think the testimony tends very strongly to prove the agreement that has been spoken of and that Mr. Champion did in fact agree that he would not go upon that land again, and that afterwards, in violation of that agreement, he did go upon the property spoken of and cut and carry away timber.

There was a great deal of confusion in regard to whether the contract had been extended, and upon the question of where the boundary was of this property. It was stated, I believe, that they had had a surveyor go out there and restake the lines; but those matters did not cut any great figure in the case as it finally stood in the judgment of this court, because we think the party did not make out his evidence in regard to the extension by any preponderance of the testimony; but beyond and above that, we think the agreement was shown that he had voluntarily relinquished any claim that he had to go upon the property and that he was wrongfully upon the property and wrongfully cutting this timber.

We therefore allow, by consent of the counsel for the state, the transcript of this record to be attached to the petition in error, and then upon examination of the whole record we think that there was no manifest error, and the judgment of the common pleas will be affirmed at the cost of the plaintiff in error, as a final disposition of the case.

*C. W. Murphy*, Attorney for Champion.

*J. A. Barber* State Attorney.